## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

| | |
|---|---|
| STC.UNM, | Case No. 10-CV-01077-RB-WDS |
| Plaintiff, | |
| v. | DEFENDANT INTEL CORPORATION'S OPPOSITION TO PLAINTIFF STC.UNM'S MOTION TO STRIKE AFFIRMATIVE DEFENSE NO. 3 AND MOTION TO DISMISS SECOND COUNTERCLAIM |
| INTEL CORPORATION, | |
| Defendant. | |

## I.      INTRODUCTION

STC's current motion to strike and to dismiss is its third motion on the pleadings, but the first one raising any issues with Intel's invalidity allegations, which appeared in both Intel's original January 10, 2011 Answer and Counterclaims [Doc. No. 26] and in Intel's first amendment [Doc. No. 38].  Intel opposes.  STC was correct the first two times in not challenging the invalidity allegations because they are adequately pled.  Now, after the parties are fully engaged in discovery on these and other issues, the motion not only lacks merit but is a wasteful distraction from the Court's efforts to resolve important dispositive issues such as patent enforceability and claim construction.

In December 2011, Intel amended its pleading to allege new grounds for its previously pled affirmative defense and counterclaim of unenforceability.  *See* Doc. No. 162.  That new defense, however, is not the subject of STC's current motion.  Instead, STC has moved to strike and dismiss allegations that were in Intel's original pleading.  Although the title of STC's motion refers to Intel's Affirmative Defense Nos. 1, 3, 6, 9, & 10 and its Second Counterclaim, the motion itself and the relief requested address only Intel's Third Affirmative Defense and its Second Counterclaim.  Therefore, Intel's Opposition will address only that defense and

1

counterclaim.

STC complains that Intel's pleadings fail to provide adequate notice of Intel's invalidity defense. But STC long ago responded substantively to those allegations in early 2011 and then took prompt and wide-reaching discovery on the defense. In April 2011, Intel thoroughly supported its defense with over a hundred pages of contention interrogatory responses. STC never challenged the adequacy of those discovery responses. In view of this history, and the law, STC's motion should be denied for several reasons:

- **It is late**. Rule 12(g)(2) prohibits a Rule 12(b) or Rule 12(f) motion like STC's when brought against a claim or defense that went unchallenged in earlier Rule 12 motions.

- **It ignores the content of Intel's allegations**. Intel's Second Counterclaim incorporates detailed factual allegations supporting a finding of invalidity. And Intel's discovery responses, submitted herewith, provide STC with more than sufficient notice of the basis for the defense. So long as there is any theory by which the counterclaim is plausible, it is well pled as a matter of law.

- **It is not supported by law.** In accord with Rule 8, this District does not require detailed allegations in an affirmative defense. And although the question is open here, the better-reasoned decisions around the country do not require factual detail in counterclaims of patent invalidity either. The unreported Florida and Illinois trial court decisions that STC relies upon are not persuasive.

## II.      BACKGROUND

**A.    Intel's affirmative defense and counterclaim of invalidity have remained unchanged for over a year.**

STC filed a three-page patent infringement complaint against Intel on November 15, 2010. *See* Doc. No. 1. Without specifying which claims were being asserted or which Intel products infringed, STC alleged that "Upon information and belief, Intel has infringed the claims of the '998 patent by, *inter alia*, making, using, selling, and offering for sale semiconductor devices with critical dimensions of 45 nm or less." *Id.* ¶ 9. STC offered no additional details concerning Intel's alleged infringement. STC further alleged that Intel should be subject to the extreme remedy of treble damages if it is found liable because this is an "exceptional" case based

on Intel's alleged intentional misconduct.  The entirety of STC's allegations in this regard is: "[u]pon information and belief Intel's acts of infringement are willful."  *Id*. ¶ 11.

Intel answered and filed counterclaims for non-infringement, invalidity, and unenforceability on January 10, 2011.  *See* Doc. No. 26.  STC responded by moving to dismiss Intel's counterclaim for unenforceability based on inequitable conduct on January 31, 2011, and by answering Intel's non-infringement and invalidity counterclaims the same day.  *See* Doc. Nos. 28 & 30.  Notably, ***STC did not move to strike any Intel affirmative defenses, nor did STC move to dismiss Intel's invalidity counterclaim.***

In an attempt to resolve the dispute without burdening the Court, Intel amended the one challenged counterclaim as-of-right on February 14, 2011, and re-filed its answer and its other counterclaims for non-infringement and invalidity without any changes.  *Compare* Doc. Nos. 26 & 38.  Once again, STC moved to dismiss Intel's counterclaim for unenforceability, and also moved at that time to strike Intel's unenforceability affirmative defense based on inequitable conduct.  *See* Doc. No. 45.  ***Again, STC did not move to strike or dismiss any other affirmative defenses or counterclaims, including those related to the invalidity of the '998 patent.***  STC answered Intel's non-infringement and invalidity counterclaims the same day, and raised no affirmative defenses to those counterclaims.  *See* Doc. No. 44.  On September 26, 2011, the Court denied STC's motion to dismiss and strike Intel's unenforceability defense and counterclaim based on inequitable conduct.  *See* Doc Nos. 140 & 144.

With STC's consent, on December 7, 2011, Intel filed an amended answer and second amended counterclaim based on new evidence giving rise to a new unenforceability claim.  *See* Doc. No. 162.  Intel filed this amendment to introduce new allegations concerning the unenforceability of the '998 patent that were uncovered during November 2011 depositions of Sandia.  Intel's recent amendment left untouched its invalidity affirmative defense and counterclaim, which remained identical to those filed a year earlier on January 10 and February 14, 2011.  *Compare* Doc. Nos. 26, 38 & 162.

**B.     STC propounded extensive discovery on Intel's invalidity claims and has had Intel's detailed responses since April 1, 2011.**

Since Intel first pled its invalidity affirmative defense and counterclaim a year ago, STC propounded two document requests[1] and an interrogatory[2] directly aimed at Intel's invalidity claim.  On April 1, 2011, Intel responded with extensive discovery responses explaining why the '998 patent is invalid, including: that the patent lacked an adequate written description of the patented invention as required under 35 U.S.C. § 112, that the named inventors did not invent the subject matter of the patent by themselves as required by 35 U.S.C. §§ 102(f) and 116, and that the asserted claims were not novel or are obvious under 35 U.S.C. §§ 102 and 103.  *See* Declaration of Brian Ferrall in Support of Intel's Opposition ("Ferrall Decl."), Exhs. A & B. Intel identified by publication, author, and title 183 separate prior art references.  *See id.*, Exh. B. Intel also submitted claim charts—totaling 119 pages and covering a sample of 13 different prior art references—that explained on an element-by-element basis how each asserted claim was anticipated by, or obvious in light of, particular prior art.  *See id.*, Exhs. C-H.  In addition, at that time Intel produced over 2400 pages of prior art substantiating its invalidity contention responses.  *See* Ferrall Decl. ¶ 3.  Intel will also supplement its prior invalidity production as discovery continues.[3]  Content with Intel's showing, STC never moved to compel further discovery responses, and the time for doing so has now passed.  *See* Local Rule 26.6.

---

[1] Request for Production 14: All analyses of U.S. Patent No. 6,042,998 ("the '998 patent"), including, but not limited to, any analysis of infringement of the '998 patent, and any analysis of the validity of any of the claims contained in that patent.  Request for Production 15: All prior art upon which you intend to rely in challenging the validity of any claim contained in the '998 patent.

[2] Interrogatory 4: Explain in detail the factual and legal basis for any contention by Intel that the '998 patent is invalid because the purported inventions claimed therein do not satisfy the requirements of 35 U.S.C. §§ 101, 102, 103, 111, 112, or 256, or judicially created doctrines of invalidity, and the Rules and Regulations of the U.S. PTO, including, but not limited to, an identification of all prior art Intel intends to rely upon along with an element-by-element application of any alleged prior art to each claim Intel alleges is invalid.  In addition, for any contention concerning §103 state what Intel contends is the applicable level of skill of one of ordinary skill in the art.

[3] The applicability of prior art to claims cannot fully be determined before the claims are construed, which has not yet occurred.  Furthermore, claim construction is a necessary first step for other invalidity defenses.

614272.01

**C.     STC files a motion based on nonbinding caselaw that is at odds with the law of this District.**

Notwithstanding that Intel's invalidity defense and counterclaim have been the subject of a year of litigation, on December 29, 2011, STC wrote to Intel demanding it "refile its latest [December 7] amended answer and counterclaims to provide the requisite specificity." *See id.*, Exh. I.  STC demanded an answer by January 3, or else it would file a motion to strike. According to STC, its belated request was prompted by "recent caselaw [which] suggests that a defendant can no longer plead a laundry list of affirmative defenses/counterclaims with no specificity attendant thereto." *Id.*  STC's "recent caselaw" consisted of two unpublished district court decisions decided on December 20 and 21, 2011 in courts outside the District of New Mexico and outside the 10th Circuit—one from the Middle District of Florida and the other from the Northern District of Illinois.  *See Crystal Photonics, Inc. v. Siemens Med. Solutions USA, Inc.*, Case No. 11-cv-1118 (M.D. Fla. Dec. 21, 2011) (attached to Doc. No. 169-1); *Cleversafe, Inc. v. Amplidata, Inc.*, 2011 U.S. Dist. LEXIS 145995 (N.D. Ill. Dec. 20, 2011).  Intel urged STC not to burden the Court with this motion, especially in light of the extensive discovery on the topic and the existence of controlling District of New Mexico authority directly contrary to the unpublished decisions STC cited.  *See* Ferrall Decl., Exh. J.  STC filed the motion nonetheless.

### III.     ARGUMENT

**A.     STC's latest motion to strike and dismiss is untimely.**

STC's motion is untimely under Fed. R. Civ. Proc. 12(g)(2).  Rule 12(g)(2) prohibits a party from moving—as STC has—under Rules 12(f) or 12(b) to challenge a claim or defense when that same party filed a previous Rule 12 motion that failed to challenge the claim or defense in the first instance.  STC could have moved to strike and/or dismiss Intel's invalidity defense and invalidity counterclaim when it twice previously moved (unsuccessfully) to dismiss and strike.  STC failed to do so, however, and its current motion is now barred.

STC urges the Court to ignore Rule 12(g)(2) and permit this belated motion because the

cases it relies upon were "obviously not available" earlier.  *See* Mot. at 4.[4]  But not only are these decisions not binding in this District, they are not the first of their kind.  A few courts outside the 10th Circuit have previously required detailed pleadings for counterclaims and affirmative defenses.  *See, e.g., Holtzman v. B/E Aerospace, Inc.*, 2008 U.S. Dist. LEXIS 42630, at * 6 (S.D. Fla. May 28, 2008) (citing *Twombly* as support for the proposition that a defendant must "alleg[e] facts as part of the affirmative defense"); *PPG Indus., Inc. v. Generon IGS, Inc.*, 760 F. Supp. 2d 520, 524 (W.D. Pa. 2011) (counterclaim must satisfy the *Iqbal*/*Twombly* standard). Therefore, the December 2011 decisions from Florida and Illinois in no way excuse STC's failure to raise this argument a year ago.  That failure can only be explained by one of two factors: STC's initial belief that Intel's original allegations provided ample notice or STC's sheer lack of diligence.[5]

**B.**     **Intel's pleadings and discovery provide STC with sufficient notice of Intel's invalidity defense.**

STC brings this motion because it complains that "Intel has failed to provide any notice as to the true bases of its invalidity charge—either in the form of its affirmative defense or its counterclaim."  Mot. at 2.  Intel's pleadings and discovery prove otherwise.

**1.**     **Intel's pleadings substantiate the invalidity of the '998 patent.**

Intel's invalidity affirmative defense provides adequate notice for why the '998 patent is invalid.  For example, paragraph 17 explains that the '998 patent is invalid under 35 U.S.C. § 112 "due to lack of written description, failure to particularly point out and distinctly claim the subject matter which is regarded as the alleged invention, and/or failure to set forth a written

---

[4] The two cases STC cites—one from the Middle District of Florida and the other from the Northern District of Illinois—were decided in late December 2011.

[5] STC's request that the Court excuse its belated filing on the grounds that it "could" have brought a motion for judgment on the pleadings under Rule 12(c) ignores reality.  A Rule 12(c) motion is as illogical as a Rule 12(b) or 12(f) motion when the parties have already engaged in in-depth exchanges of detailed contentions on the issue, which elaborate well beyond the pleadings.  In any event, STC has *not* filed a Rule 12(c) motion.

description sufficient to enable a person skilled in the art to make and use the alleged invention without undue experimentation." *See* Doc. No. 162.  Likewise, paragraph 18 explains that the '998 patent is invalid under 35 U.S.C. §§ 102(f) and 116 because "the named inventors, by themselves, did not invent the subject matter of the patent." *Id*.  STC's motion neglects to mention either of these paragraphs.

Intel's invalidity counterclaim also provides adequate notice for why the '998 patent is invalid.  That counterclaim incorporates all "foregoing admissions, denials, and allegations," Doc. No. 162 ¶ 64, which includes the specific allegations Intel pled in its invalidity affirmative defense under 35 U.S.C. §§ 112, 102(f) and 116.[6]  Furthermore, Intel pled as part of its unenforceability defense and counterclaim (incorporated into the later invalidity counterclaim) why the '998 patent is invalid in light of United States Patent No. 5,523,258.[7]  Intel's counterclaim thus details multiple bases for invalidating the '998 patent and more than satisfies Rule 8.

>    2.    **Intel has provided extensive discovery substantiating the invalidity of the '998 patent.**

STC has no possible argument that it lacks sufficient notice of the basis for Intel's defense.  Intel has provided extensive contention interrogatory responses, identified at least 183 prior art references, and supplied STC with 119 pages of claim charts explaining why the '998 patent is invalid.  And, Intel will supplement its prior productions as discovery continues.

STC attempts to explain away Intel's extensive contention interrogatory responses by arguing that those responses do not specify facts pertaining to *some* of the asserted statutory

---

[6] Again, this was also true of Intel's first two pleadings in this case.  *See* Doc. No. 26 at ¶ 61, Doc. No. 38 at ¶ 61.

[7] STC fraudulently obtained a certificate of correction to suggest the '998 patent is entitled to an earlier priority date than the '258 patent.  But if the '998 patent was not entitled to an earlier priority date, one or more of its claims would be invalid as anticipated or obvious in light of the '258 patent.  *See* Doc. No. 162, ¶¶ 36-48.  The Court addressed these allegations already, when denying STC's motion to dismiss Intel's affirmative defense of inequitable conduct.  *See* Doc. Nos. 140 & 144.  Intel provided STC with an invalidity claim chart for the '258 patent in April 2011.  *See* Ferrall Decl., Exh. C.

grounds for invalidity.  Mot. at 2 n.1.  But STC's motion seeks to strike or dismiss the *entire* defense and counterclaim; it does not ask the Court to dispose of individual theories of invalidity. STC cannot seek to parse Intel's claim in this manner, because an entire defense rises or falls together.  A motion to strike or to dismiss an affirmative defense or counterclaim requires that there be ***no legal theory*** by which the entire defense or counterclaim could succeed.  *See, e.g.*, *TSA Corp. Serv., Inc. v. Hayden Const., Inc.*, Case No. 05-cv-1115, slip op. at 1-2  (D.N.M. Sept. 27, 2006) ("In determining whether the . . . counterclaim states a claim, this Court . . . must examine the . . . counterclaim to determine whether the allegations provide for relief under any theory.")  (slip opinion attached as Ferrall Decl., Exh. K); *Friends of Santa Fe County v. LAC Minerals, Inc*., 892 F. Supp. 1333, 1343 (D.N.M. 1995) ("The Court must be convinced . . . that under no set of circumstances could the defenses succeed.").  Here, Intel's defense and counterclaim asserts invalidity.  Invalidity could be established, for example, under any one of 35 U.S.C. §§ 101, 102, 103, 112, and 116.  There is no dispute that Intel's discovery responses assert valid contentions under a number of bases for invalidity, and thus fully support the defense as a whole.  As Intel completes discovery, including the depositions of STC and lead inventor Dr. Steven Brueck, it will supplement its factual basis for other asserted grounds of invalidity.

## C.      Intel's invalidity affirmative defense is well-pled under the law of this District.

The District of New Mexico looks unfavorably upon Rule 12(f) motions to strike. "Motions to strike, in most cases, waste everyone's time."  *Lane v. Page*, 272 F.R.D. 581, 596 (D.N.M. 2011).  "Rule 12(f) motions are disfavored and rarely granted because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic."  *Equal Employ't Opportunity Comm'n v. Genesco, Inc.*, Case No. 09-cv-952, slip op. at 2 (D.N.M. May 20, 2010) (*quoting in part Salazar v. Furr's, Inc.*, 629 F. Supp. 1403, 1411 (D.N.M 1986)) (slip opinion attached as Ferrall Decl., Exh. L).  A motion to strike is not appropriate "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy."  *Lane*, 272 F.R.D. at 587 (quoting 5C

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004)).

STC's latest motion to strike is, unquestionably, a waste of everyone's time and resources.  First, as explained above, Intel's invalidity affirmative defense provides adequate notice for why the '998 patent is invalid.  Second, even if Intel had provided no factual specificity in its defense, the invalidity affirmative defense would still suffice.  In a lengthy and carefully considered decision, this Court in *Lane v. Page* held that the heightened pleading standards of *Twombly*[8] and *Iqbal*[9] do not apply to affirmative defenses.  272 F.R.D. 581 (D.N.M. 2011).  Rather, Rule 8 merely requires a "short and plain" statement of a party's defense **and requires no factual specificity**.  *Id*. at 588 ("the text of the rules, and the functional demands of claims and defenses, militate against requiring factual specificity in affirmative defenses").  *Lane*, not the unpublished Florida and Illinois opinions on which STC relies, controls here.

Not only does STC ask the Court to ignore *Lane* in favor of the non-controlling decisions from Illinois and Florida, it also fails to acknowledge the starkly different circumstances of those cases.  The plaintiffs in both cases attacked the pleadings *before* any discovery had taken place, so the courts there were truly concerned about notice.  Because of the discovery STC has taken from Intel since Intel first pled these defenses, notice to STC is not an issue here.

**D.      Intel's invalidity counterclaim is also well-pled under the law of this District.**

STC's attack on Intel's invalidity counterclaim is equally unfounded.  A motion to dismiss is inappropriate where the "complaint . . . give[s] the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  When confronted with a motion to dismiss, courts "must examine the complaint . . . to determine whether the allegations provide for relief **under any possible theory**."  *TSA Corp. Serv.,* Ferrall Decl. Exh. K, slip op. at 1-2 (emphasis added) (citing *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369,

---

[8] *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

1375 n.5 (10th Cir. 1979)).

First, as explained above, Intel's counterclaim does provide adequate notice for why the '998 patent is invalid.  Second, even if Intel had not pled these facts supporting its counterclaim, STC's motion would still be unfounded.  Although neither this District nor the Tenth Circuit has addressed whether patent invalidity counterclaims must recite detailed facts, other courts have held invalidity counterclaims sufficient even when they do nothing more than recite the statutory provisions under which a patent may be invalidated.  *See, e.g., Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, 2011 U.S. Dist. LEXIS 135675, at *8-16 (N.D. Ga. Aug. 1, 2011); *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010); *Pfizer Inc. v. Apotex Inc.*, 726 F. Supp. 2d 921, 937-38 (N.D. Ill. 2010); *Elan Pharma. Int'l v. Lupin Ltd.*, 2010 U.S. Dist. LEXIS 32306, at *11-16 (D.N.J. Mar. 31, 2010); *Teirstein v. AGA Med. Corp.*, 2009 WL 704138, at *4-5 (E.D. Tex. Mar. 16, 2009); *Boldstar Technical LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007).  The weight of this persuasive authority is greater than that upon which STC relies.

As explained by the court in *Graphic Packaging International,* requiring counterclaimants to provide factual specificity in their invalidity counterclaims would be both "illogical and inequitable" because plaintiffs are permitted to plead bare-bone allegations in their patent infringement complaints.  2011 U.S. Dist. LEXIS 175675, at *10.  Form 18, appended to the Federal Rules of Civil Procedure, provides a model patent infringement complaint, and requires nothing more than a conclusory statement alleging that defendant infringed the claimant's patent.  The Federal Circuit has held that Form 18 remains sufficient to satisfy Rule 8 even after *Twombly.  See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007).  STC has taken full advantage of that liberal pleading requirement in this case.  Its three-page complaint lacks any factual allegations as to what Intel products allegedly infringe the '998 patent, how they infringe, or what alleged Intel intentional misconduct is supposed to make this case "exceptional" under 35 U.S.C. § 285.  It would be "incongruous to require heightened pleading for invalidity counterclaims when the pleading standard for infringement does not

require factual allegations to support the infringement claims." *Graphic Packaging Int'l,* 2011 U.S. Dist. LEXIS 135675, at *12 (quoting *Microsoft*, 741 F. Supp. 2d at 1159).

Although some courts have held that invalidity counterclaims require a certain level of detailed factual allegations, *see, e.g., Cleversafe*, 2011 U.S. Dist. LEXIS 145995, at *3-6, those cases are wrongly decided for the reasons discussed above.  In any event, the Court need not choose sides to resolve this motion.  Intel has already provided detailed claim charts, prior art, and other discovery responses explaining why the '998 patent is invalid.  STC does not require amended pleadings to provide it with fair notice—it already has discovery.

## IV.    CONCLUSION

STC's motion is late.  It is not supported by the law.  And it ignores the substantial discovery Intel has already provided concerning its invalidity contentions.  For the reasons stated above, STC's motion should be denied.


Dated: January 18, 2012                    Respectfully submitted,

                                           ATKINSON, THAL & BAKER, P.C.

                                             /s/ *Clifford K. Atkinson*
                                           Douglas A. Baker
                                           Clifford K. Atkinson
                                           201 Third Street, N.W., Suite 1850
                                           Albuquerque, NM 87102
                                           (505) 764–8111

                                           KEKER & VAN NEST LLP

                                           Robert A. Van Nest
                                           Brian L. Ferrall
                                           Benedict Y. Hur

                                           PERKINS COIE LLP

                                           Chad S. Campbell
                                           Timothy J. Franks

                                           *Attorneys for Defendant*
                                           *Intel Corporation*

11

**Certificate of Service**

The undersigned hereby certifies that on January 18, 2012, the foregoing document and its attachment were electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all counsel who have entered an appearance in this action.

ATKINSON, THAL & BAKER, P.C.


    /s/ *Clifford K. Atkinson*    
Clifford K. Atkinson