IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STC.UNM,

        Plaintiff,

vs.                                                                     No. 10-cv-1077 RB/WDS

INTEL CORPORATION,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff STC.UNM's ("STC's") Motion to Strike Intel's Affirmative Defense Nos. 1, 3, 6, 9 & 10 and to Dismiss Intel's Second Counterclaim. (Doc. 169, filed January 4, 2012). Jurisdiction arises under 28 U.S.C. § 1338. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, the Court denies Plaintiff's Motion.

**I.    Background**

On November 15, 2010, STC filed a Complaint charging Intel with infringement of United States Patent No. 6,042,998 ("the '998 patent"), entitled "Method and Apparatus for Extending Spatial Frequencies in Photolithography Images." (Doc. 113 at 4, 10). Intel answered and filed counterclaims for non-infringement, invalidity, and unenforceability on January 10, 2011. (Doc. 26). On January 31, 2011, STC moved to dismiss Intel's counterclaim for unenforceability (doc. 28), but did not move to strike any of Intel's affirmative defenses or to dismiss Intel's counterclaim for invalidity. On February 14, 2011, Intel amended the challenged counterclaim as of right and re-filed its Answer and remaining counterclaims for non-infringement and invalidity without any additional changes. On February 28, 2011, STC again

moved to dismiss Intel's amended counterclaim for unenforceability and to strike Intel's affirmative defense for unenforceability. (Doc. 45). STC did not move to strike any other affirmative defenses or counterclaims. The same day, STC answered Intel's non-infringement and invalidity counterclaims. (Doc. 44). On September 26, 2011, this Court issued an order adopting U.S. Magistrate Judge W. Daniel Schneider's report and recommendations and denying STC's motion. (Doc. 144).

On December 7, 2011, Intel filed its First Amended Answer and Second Amended Counterclaims to STC's Complaint. (Doc. 162). On January 18, 2012, STC filed the instant Motion to Strike Intel's Affirmative Defense nos. 1, 3, 6, 9, and 10, and to Dismiss Intel's Second Counterclaim. (Doc. 169).

### III. Discussion

#### A. *Motion to Strike Affirmative Defenses*

Despite captioning its motion as moving to strike Intel's affirmative defense nos. 1, 3, 6, 9, and 10, STC's motion and requested relief address only Intel's third affirmative defense. The Court will therefore limit its discussion to that defense and denies Plaintiff's Motion to Strike Affirmative Defense Nos. 1, 6, 9 & 10.

Intel's third affirmative defense asserts that "[t]he '998 Patent is invalid by reason of having been issued in violation of U.S. patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, or 256, or judicially created doctrines of invalidity, and the Rules and Regulations of the United States Patent and Trademark Office ("PTO") relating thereto." (Doc. 162 at 2). STC claims that this affirmative defense violates FED. R. CIV. P. 8 because it provides no notice as to what Intel truly intends to assert in this matter. It moves to strike the

affirmative defense pursuant to FED. R. CIV. P. 12(f), which permits courts to strike from a pleading an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).

The Court denies STC's motion to strike as untimely under FED. R. PROC. 12(g)(2). With certain exceptions, Rule 12(g)(2) prevents a party from moving under Rule 12 to assert a defense or objection that was available to the party but omitted from an earlier Rule 12 motion. STC has previously filed two Rule 12 motions to dismiss; the first was rendered moot by Intel's re-filing of its initial Complaint as of right, and the second was denied by this court on September 26, 2011. (Doc. 144). STC's second motion also sought to strike Intel's affirmative defense for unenforceability pursuant to Rule 12(f), which this Court denied. Neither of STC's motions raised any objection to Intel's third affirmative defense for invalidity. This defense was included verbatim in both of Intel's previous two Answers. Thus, STC had the opportunity to move to strike the defense in its prior Rule 12 motions and its failure to do so precludes it from bringing the motion at this point in the proceedings. Although the Court has discretion under Rule 12(f) to strike affirmative defenses on its own initiative, even if prompted by an untimely motion, *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1399 (7th Cir. 1991) (collecting cases), it declines to exercise this discretion and finds STC's motion barred by Rule 12(g)(2).

   B.  *Motion to Dismiss Second Counterclaim*

Intel's Second Counterclaim seeks a declaration that the '998 patent "is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 et. seq." (Doc. 162 at 12). STC contends that this counterclaim, which fails to identify any specific provision of U.S. patent law as a basis for the asserted invalidity, provides no notice as to what Intel is

actually claiming. In response, Intel first argues that the same Rule 12(g)(2) procedural bar precluding STC's Motion to Strike also bars STC's Motion to Dismiss Intel's Second Counterclaim. The Court addresses this argument separately, however, because application of Rule 12(g)(2) differs between Rule 12(b)(6) and Rule 12(f) motions. While Rule 12(g) generally requires parties to consolidate certain dismissal actions, including Rule 12(f) motions, as discussed above, it also carves out an exception for motions listed in Rules 12(h)(2) and (3). Rule 12(h)(2) provides that motions for *failure to state a claim upon which relief can be granted*, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B*) by a motion under Rule 12(c)*; or (C) at trial. Thus, Rule 12(h)(2) specifically preserves a litigant's right to file a motion to dismiss for failure to state a claim and allows for a post-answer motion for failure to state a claim under Rule 12(c). FED. R. CIV. P. 12(h)(2)(B); *see also Ennenga v. Starns*, --- F.3d ----, 2012 WL 1292768 (7th Cir. Apr. 17, 2011) ("a litigant need not consolidate all failure-to-state-a-claim arguments in a single dismissal motion."); *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp*., 512 F.3d 137, 141 (5th Cir. 2007) (". . . Rule 12(h)(2) explicitly excepts from the consolidation requirement motions based on the defense of failure to state a claim upon which relief can be granted.")

  Although STC's motion is styled as a Rule 12(b)(6) motion to dismiss, rather than a Rule 12(c) motion for judgment on the pleadings, the Tenth Circuit has specifically upheld district courts' treatment of Rule 12(b)(6) motions as Rule 12(c) motions for Rule 12(g) purposes. *See Lipari v. U.S. Bancorp NA,* 345 F. App'x 315, 316 (10th Cir. 2009) (". . . Rule 12(g)(2) specifically provides that a party may file a motion for failure to state a claim under Rule 12(c), and the district court permissibly treated the defendants' second Rule 12(b)(6) motion as though

it had been styled under Rule 12(c)."). Courts apply the same standard to 12(c) motions as they would to motions brought under 12(b)(6). *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

Motions to dismiss under Rule 12(b)(6) test the sufficiency of a complaint and should be granted when a cause of action fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). STC challenges the sufficiency of Intel's counterclaim as failing to provide the notice required by FED. R. CIV. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "This standard . . . is intended to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Barfield v. Commerce Bank, N.A.*, 484 F.3d 1276, 1281 (10th Cir. 2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). STC does not specifically allege a lack of *facts* within the Amended Answer and counterclaim, but rather contends that the claim itself is too broad to afford STC fair notice of which statutory provisions form the bases of Intel's invalidity charge.

Intel asserts that its counterclaim provides more than sufficient notice of its invalidity theories. First, it contends that despite the seemingly broad language of the counterclaim itself, the claim incorporates all "foregoing admissions, denials, and allegations," and that this foregoing material provides multiple statutory bases for patent '998's invalidity. Second, Intel argues that it has provided STC with extensive invalidity contention interrogatory responses, identified at least 183 prior art references, and supplied STC with 119 pages of claim charts explaining why the '998 patent is invalid. Intel asserts these disclosures provide STC with clear notice regarding the foundation of its claim.

Case law is divided on the level of specificity necessary to render counterclaims sufficient for Rule 8 purposes in the patent context. As noted by Intel in its Response, numerous courts have held invalidity claims sufficient even where they offered little or nothing more than a brief listing of statutory provisions under which a patent could be invalidated. (Doc. 175 at 10). Several of these cases reasoned that it would be "illogical and inequitable" to require counterclaimants to provide detailed factual allegations when plaintiffs are permitted to plead only minimal allegations in their patent infringement complaints. *See, e.g.*, *Graphic Packaging Intern., Inc. v. C.W. Zumbiel Co.*, 2011 WL 5829674 at *4 (N.D. Ga. Aug. 1, 2011) ("Form 18 requires little more than a conclusory statement alleging that the defendant infringed the claimant's patent. . . . Nevertheless, the Federal Circuit Court of Appeals held that the form complaint for patent infringement remains, post-*Twombly*, sufficient to meet Rule 8's pleading requirements.")

While the Court finds the reasoning of these cases persuasive, it notes that all but one of them rely in part on their respective districts' local patent rules requiring invalidity claimants to file separate invalidity contentions after filing their claims. *See, e.g.*, *Graphic Packaging Int'l, Inc.*, 2011 WL 5829674 at *4 ("Even if the Court did not find that the statutory pleadings alone were sufficient to state invalidity claims and affirmative defenses, the Patent Local Rules operate to make further factual pleading unnecessary."); *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010) ("In addition, because the Court requires that invalidity contentions be served promptly after a counterclaim of invalidity is advanced, invalidity claims are not subject to the heightened pleading standards of *Twombly* and *Iqbal*."); *Pfizer Inc. v. Apotex Inc*. 726 F. Supp. 2d 921, 938 (N.D. Ill. June 30, 2010) ("Moreover, dismissal of

Apotex's counterclaims for failure to satisfy Rule 8(a) would undermine the Local Patent Rules, which require more detailed disclosures at a later stage. . . ."); *Elan Pharma. Int'l Ltd. v. Lupin Ltd.*, 2010 U.S. Dist. LEXIS 32306 at *9-10 (D.N.J. Mar. 31, 2010) ("Local Patent Rule 3.3 also requires that 45 days after service of the Disclosure of Asserted Claims and Infringement Contentions, each party opposing a claim of patent infringement, shall serve on all parties its 'Invalidity Contentions' . . . ."); and *Teirstein v. AGA Medical Corp.,* 2009 WL 704138, at *5 (E.D. Tex. Mar. 16, 2009) ("Furthermore, such a requirement would undermine the purpose of the Court's Local Patent Rules. . . . During the early stages of the litigation, the Local Patent Rules require parties to serve Invalidity Contentions, which detail anticipating and obviating prior art; disclose grounds for indefiniteness; and include an claim chart regarding invalidity.") In contrast to these cases, the District of New Mexico has no local patent rules. Thus, the Court cannot rely on separate, forthcoming "Invalidity Contentions" to provide additional clarity as to the bases of Intel's invalidity claim.

Furthermore, one of the cases cited by Intel actually undermines its position. In *Graphic Packaging International*, the challenged counterclaim alleged that the patents-in-suit were invalid "for failure to comply with the conditions and requirements for patentability specified in Title 35 of the United States Code, including, but not limited to Sections ... 102, 103, and/or 112." 2011 WL 5829674 at *3. The court held that while identification of sections 102, 103, and/or 112 provided sufficient notice, "the same [could not] be said . . . of any other invalidity counterclaim . . . that would fall outside the scope of section 102, 103, or 112." Thus, the court struck the language "including, but not limited to" from the counterclaim. *Id.* at *4.

Here, Intel failed to identify any specific sections of the Patent Statute in the invalidity

7

claim itself, instead alleging invalidity for failure to comply with every section of the Patent Statute.  This language is exceedingly broad.  Intel's identification of specific statutory provisions elsewhere in its First Amended Answer, while providing some focus, does not operate to limit its potential invalidity claims. It would be neither fair nor expedient for Intel, after the time for discovery had passed, to seek a declaration of invalidity based on a provision of U.S. patent law it had never given any indication it might pursue.

Given that Intel's First Amended Answer does identify certain statutory bases for invalidity and pleads facts in support of at least one invalidity charge, the Court finds that counterclaim provides notice sufficient to satisfy the requirements of Rule 8(a).  It makes this finding, however, on the assumption that the statutory bases for Intel's invalidity counterclaim are those identified in its First Amended Answer and in its response to STC's interrogatory on validity.  If this is not the case, Intel is required to provide STC with a Bill of Particulars within 10 days of the issuance of this Order identifying the bases of patent '998's alleged invalidity.

**THEREFORE,**

**IT IS ORDERED** that STC.UNM's Motion to Strike Intel's Affirmative Defense Nos. 1, 3, 6, 9 & 10 and to Dismiss Intel's Second Counterclaim (doc. 169) is **DENIED**.

**IT IS FURTHER ORDERED** that Intel Corporation provide STC with a Bill of Particulars within 10 days of the issuance of this Order detailing the bases of its invalidity counterclaim if those bases were not previously identified in its First Amended Answer or response to STC's interrogatory on validity.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**