IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STC.UNM,

        **Plaintiff,**

vs.                                                  No. 10-cv-1077 RB/WDS

**INTEL CORPORATION,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER**

        This matter is before the Court on Plaintiff STC.UNM's Motion for Construction of the "Transferring" Steps in Claim 6, filed November 16, 2011. (Doc. 159). Jurisdiction arises under 28 U.S.C. § 1338. The issue has been fully briefed and is ready for decision. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, the Court **GRANTS** Plaintiff's motion.

**I.**         **Background**

        This matter arises from Defendant Intel Corporation's ("Intel's") alleged infringement of patent rights held by STC.UNM ("STC"), the patent arm of the University of New Mexico, relating to photolithography techniques used in the manufacture of semiconductors. STC specifically charges Intel with infringement of claim numbers 6 and 7 of United States Patent No. 6,042,998 ("the '998 patent"), entitled "Method and Apparatus for Extending Spatial Frequencies in Photolithography Images." (Doc. 113 at 4, 10).

        STC filed its Complaint on November 15, 2010. (Doc. 1). On March 2, 2011, United States Magistrate Judge W. Daniel Schneider issued a Scheduling Order setting deadlines for the parties' exchange of terms to be construed, proposed constructions, and briefs in support thereof.

(Doc. 47) This scheduling order was subsequently modified by joint motion or agreement of the parties on four separate occasions. (*See* docs. 75, 108, 128, & 142). The final briefing schedule proceeded as follows:

- Exchange Claims Terms and Proposed Constructions due April 29, 2011 (Doc. 75);
- File Initial Claim Construction Brief due June 21, 2011 (Doc. 108);
- File Responsive Claim Construction Brief due July 25, 2011 (Doc. 108);
- File Reply Claim Construction Brief due October 7, 2011 (Docs. 128, 142).

STC now seeks to add two additional terms for construction and requests leave to submit supplemental briefing limited to those terms. Intel objects, contending that STC's request is a "thinly-disguised effort" to offer new arguments on earlier-briefed claim terms, that these arguments should have been presented in STC's prior briefing, and that STC has failed to show good cause for the Court to delay the progress of this case by ordering additional construction that will make no difference to the end result. (Doc. 160 at 1).

**II.    Discussion**

Claims 6 and 7 of the '998 patent, with the currently disputed terms in italics and the additional proposed terms for construction in bold, read:

> 6. A method for obtaining *a pattern wherein the Fourier transform of said pattern contains high spatial frequencies* by *combining nonlinear functions of intensity of at least two exposures combined with at least one nonlinear processing step intermediate between the two exposures* to form three dimensional patterns comprising steps of:
>
> coating a substrate with a *first mask material* and a first photoresist layer;
>
> exposing said first photoresist layer with a first exposure[;]
>
> developing said photoresist layer to form a *first pattern in said first photoresist*

>   *layer*, said first pattern containing spatial frequencies greater than those in a two dimensional optical intensity image imposed onto said photoresist layer in said first exposure as a result of a nonlinear response of said first photoresist layer;
>
>   **transferring** said first pattern into said *first mask material*, said *first mask material* comprising at least one of SiO2, Si3N4, a metal, a polysilicon and a polymer;
>
>   coating said substrate with a second photoresist;
>
>   exposing said photoresist with a second exposure[;]
>
>   developing said second photoresist layer to form a *second pattern in said second photoresist layer*, said second pattern containing spatial frequencies greater than those in a two dimensional optical intensity image imposed onto said photoresist layer in said second exposure as a result of a nonlinear response of said second photoresist layer;
>
>   **transferring** said first pattern and said second pattern into said substrate using a *combined mask including parts of said first mask layer and said second photoresist*;
>
>   removing said *first mask material* and said second photoresist.
>
> 7. The method of claim 6 wherein said transferring step includes at least one of etching, deposition and lift-off, and damascene.

STC asks the Court to construe the above-highlighted "transferring" language in order to give appropriate scope to the disputed terms italicized in the two sections where "transferring" appears. (Doc. 159 at 3). Specifically, STC argues that because Intel's proposed constructions for the words "parts of said first mask layer" and "combined mask. . ." "are designed to improperly limit claim 6 of its proper scope . . . [these terms] should be construed as part of the larger phrase," including the "overall 'transferring' limitation." (Doc. 159 at 2). According to STC, certain admissions made by Intel's expert during deposition testimony demonstrate an

inconsistency between Intel's "narrow constructions" and the overall "transferring" limitation, which – in STC's view – must encompass a transferring process called "damascene" listed in claim 7.[1]  (Doc. 159 at 2).  Thus, STC contends that textually construing the "transferring" limitations will allow the Court to more accurately construe the contested terms.  (Doc. 159 at 3).

Intel levies numerous arguments in opposition to STC's motion.  First, it contends that STC has not shown good cause to further delay the progress of this case through additional claim construction and supplemental briefing.  It submits that "[o]nce notice of completion of briefing is filed, the matters are deemed joined, and no further briefs are permitted unless the Court finds good cause to allow them."  (Doc. 160 at 3) (citing *Dingman v. Donjack Enters., Inc.*, Civ. No. 05-1278 WJ/WDS, 2007 WL 4618598 (D.N.M. Jan. 26, 2007)).  The case Intel cites as supporting this proposition, however, makes no mention of any "good cause" standard; it simply states that parties are required to seek the Court's permission prior to filing supplemental memoranda.  *Dingman*, 2007 WL 4618598, at *1.  Intel may be alluding to Federal Rule of Civil Procedure 16(b)(4), which requires that court scheduling orders be modified only for good cause and with the judge's consent.  FED. R. CIV. P. 16(b)(4); *see also* D.N.M.LR-Civ. 16.1 (requiring that modifications of deadlines in the Court's scheduling orders require a showing of good cause and Court approval).  Here, although the briefing deadlines set in Judge Schneider's scheduling order have passed, granting STC's motion will not interfere with case management deadlines going forward because the Court has not yet set a *Markman* hearing on the construction issue.

---

[1] Because claim 7 is dependent on claim 6, and because independent claims must be construed at least as broad as those that depend from them, STC argues that the "transferring" steps in claim 6 must be broad enough to encompass damascene, which is explicitly listed in claim 7.  (Doc. 159 at 2).

Further, there is no indication that STC was not diligent in bringing its motion; the Court accepts STC's explanation that it only realized it was necessary to construe the "transferring" steps in claim 6 after Intel's briefing raised arguments making the scope of these terms a significant issue. In addition, "[i]t is recognized that courts have held multiple *Markman* hearings and allowed parties to request additional claim construction [even] after construing claims." *Ecolab, Inc. v. Paraclipse, Inc.*, No. 8:97CV304, 2008 WL 3413808, at *3 (D. Neb. Aug. 8, 2008) (citing cases); *see also Conoco, Inc. v. Energy & Env't Int'l, L.C.*, 460 F.3d 1349, 1359 (Fed. Cir. 2006) ("[D]istrict courts may engage in 'rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves.' "); *Sears Petroleum & Transp. Corp. v. Archer Daniels Midland Co.*, No. 5:03-CV-1120 (DEP), 2010 U.S. Dist. LEXIS 142958, at *21 n.11 (N.D.N.Y. Apr. 2, 2010) ("The claim construction process is often evolutionary rather than static, and courts must continually be open to reexamination of claim construction up to and including at trial in order to ensure that the construction ultimately relied upon by the factfinder is correct.")

Here, the Court has not yet construed the previously-submitted claim terms, discovery is ongoing, and no trial date has been set. Intel offers no reason why it would be prejudiced by additional claim construction apart from its having to bear the cost of further briefing and expert discovery, which the Court does not find to be dispositive. (Doc. 160 at 4). *See, e.g., Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009) (considering a party's motion to amend the pleadings under Fed. R. Civ. P. 15 and noting that "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice.") Finally, the parties have agreed on six terms for construction to-date, and addition of the "transferring" steps in claim 6 would not render the

Court's task unmanageable.

In addition to Intel's procedural objections, it argues that STC's request is a "thinly disguised" effort to reopen argument over the "combined mask" term, which the parties have already briefed, and that further briefing will make no difference to the end result. In making this argument, however, Intel fails to specifically contest the existence of a potential independent dispute over the scopes of the "transferring" limitations in claim 6. By contrast, STC explicitly states that the "transferring" steps are "key" terms whose meanings are "disputed." (Doc. 163 at 2). The purpose of claim construction is to "determin[e] the meaning and scope of the patent claims asserted to be infringed." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996); *see also United States Surgical Corp. v. Ethicon, Inc.,* 103 F.3d 1554, 1568 (Fed. Cir. 1997) ("Claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement."). Although courts need not construe every claim offered for construction, "when the parties raise an actual dispute regarding the proper scope of [the claims at issue], the court, not the jury, must resolve that dispute." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) (citing *Markman*, 52 F.3d at 979).

Intel's response, despite offering numerous arguments against STC's motion, tends to support the proposition that a dispute may exist. For example, in arguing that further briefing "will make no difference in the outcome because Intel's constructions and Dr. Smith's testimony are fully consistent with the optional use of damascene processes recognized in claim 7," Intel offers an interpretation of the final "transferring" step of claim 6 that includes "damascene

6

techniques" within its scope while omitting the "polishing" step of the damascene process. (Doc. 150 at 5) ("As STC notes, Dr. Smith also recognized that the final polishing step of a damascene process typically takes place after the photoresist has been removed, but that polishing is done to a pattern that has already been transferred into the substrate.")  This separation of "polishing" from "damascene techniques" within the final transferring step of claim 6 arguably conflicts with STC's proffered construction of "transferring" as: "for example, by etching, deposition and-lift off [sic], or damascene (etching, deposition <u>and</u> polishing to produce an inlaid structure) . . . ."  (*See* Doc. 163 Exh. B at 3) (emphasis added).  Although this observation reflects only a surface reading of the terms which would likely evolve upon receipt of further briefing, the parties' submissions at least raise the possibility that the "transferring" steps of claim 6 could be open to alternative meanings.

Both parties have an interest in ensuring that the Court construes material terms that are in dispute, as claim construction "becomes the basis of the jury instructions, should the case go to trial," and is the "necessary foundation of meaningful appellate review." *AFG Indus., Inc. v. Cardinal IG Co., Inc*., 239 F.3d 1239, 1247 (Fed. Cir. 2001).  The parties are therefore encouraged to confer with one another regarding whether the "transferring" steps in claim 6 are truly "material" and "in dispute" before submitting supplemental briefing to the Court.  The parties are also free to address these issues in their next round of claims construction briefing.  Should the Court ultimately find that the terms are material and in dispute, it will construe them accordingly.

    **THEREFORE,**

    **IT IS ORDERED** that Plaintiff STC.UNM's Motion for Construction of the

7

"Transferring" Steps in Claim 6 (doc. 159) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties adhere to the following deadlines for submission of the supplemental briefing:

- Exchange Proposed Constructions for "transferring" steps of claim 6 due <u>May 23, 2012</u>;

- File Supplemental Claim Construction Brief (6 pg. max.) due <u>June 6, 2012</u>;

- File Responsive Claim Construction Brief (4 pg. max.) due <u>June 20, 2012.</u>

	*[signature]*

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**