UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| STC.UNM,<br><br>        Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>        Defendant. | Civil No. 1:10–cv–01077–RB–WDS |

INTEL'S CROSS-MOTION TO DISMISS STC'S

REMAINING CLAIMS FOR LACK OF STANDING

Clifford K. Atkinson
Douglas A. Baker
ATKINSON, THAL & BAKER, P.C.
201 Third Street, N.W., Suite 1850
Albuquerque, NM 87102
(505) 764–8111

Robert A. Van Nest
Brian L. Ferrall
Benedict Y. Hur
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391–5400

Chad. S. Campbell
Timothy J. Franks
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012
(602) 351–8000

**Motion**

Intel Corporation moves for dismissal of STC's remaining claims (its claims for patent infringement on or after December 1, 2011) on grounds that STC lacks standing to sue for such infringement without joinder of the co-owner of the patent-in-suit, Sandia Corporation. This motion is supported by documents already on file in this case and Intel's concurrent opposition to STC's Motion to Correct Standing and Request for Reconsideration [Doc. 218].

**Argument**

This Court previously held the patent-in-suit, U.S. Patent No. 6,042,998, unenforceable from issuance through December 1, 2011, because that patent and U.S. Patent No. 5,705,321 were not commonly owned during that period, as required under a terminal disclaimer filed to have the '998 patent allowed in the first place. [Doc. 206 at 22] The Court declined, however, to determine whether the '998 patent has been enforceable *since* STC assigned an undivided interest in the '998 patent to Sandia Corporation on December 1, 2011. The Court held that the record before it was insufficient to determine whether Sandia National Laboratories (the long-time co-owner of the '321 patent) and Sandia Corporation (the new co-owner of the '998 patent) are the same entity. [*Id.* at 21–22]

In so holding, the Court observed that the "[a]ddition of a new co-owner at this point … raises the issue of proper standing." [*Id.* at 22] Sandia Corporation is not a party to this case, yet the Federal Circuit has held that "[w]here one co-owner possesses an undivided part of the entire patent, that joint owner must join all the other co-owners to establish standing" and that "[a]bsent the voluntary joinder of all co-owners of a patent, a co-owner acting alone will lack standing." [*Id.* (quoting *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1264–65 (Fed. Cir. 2007))]

The Court therefore encouraged the parties to confer and file appropriate motions addressing the standing issue.

STC has now filed a motion to "correct standing." In that motion, STC acknowledges the general rule that a co-owner lacks standing to sue without joining all co-owners. STC also concedes that Sandia Corporation has refused to join STC's infringement suit against Intel. STC requests, however, that the Court fix STC's standing problem by either joining Sandia Corporation as a plaintiff against its will under Fed. R. Civ. P. 19(a)(2) or ignoring Sandia Corporation's absence by treating it as dispensable party under Fed. R. Civ. P. 19(b).

Intel's and Sandia Corporation's oppositions to STC's motion, which Intel incorporates here by reference, explain at length why Sandia Corporation cannot be joined involuntarily and why the Court should not treat Sandia Corporation as dispensable. Moreover, STC's Rule 19 motion includes its only proposed solutions to its standing problem. STC points to no prospect that Sandia Corporation will change its mind and join this suit, or that STC will solve its standing and unenforceability problems by buying out the co-owners of both the '998 and '321 patents. (STC does urge the Court to reconsider its original summary judgment ruling, but Intel's opposition explains why reconsideration is not warranted.)

Because STC admits its current lack of standing and has no reasonable prospect of correcting that defect any time soon, Intel submits that the Court should now dismiss STC's remaining claims (for infringement on or after December 1, 2011) and put an end to the case. The final dismissal should be *with* prejudice to refiling for claims through November 30, 2011, due to the patent's unenforceability during that period. The dismissal may be *without* prejudice to refiling for claims after that date, preserving possible future remedies for STC if it can resolve

its standing problem without creating an unenforceability problem.[1]

If the Court grants this motion, Intel will submit an appropriate form of judgment.

Dated: July 10, 2012.

Respectfully submitted,

ATKINSON, THAL & BAKER, P.C.

　/s/ *Clifford K. Atkinson*　

Douglas A. Baker
Clifford K. Atkinson
201 Third Street, N.W., Suite 1850
Albuquerque, NM 87102
(505) 764–8111

KEKER & VAN NEST LLP

Robert A. Van Nest
Brian L. Ferrall
Benedict Y. Hur

PERKINS COIE LLP

Chad S. Campbell
Timothy J. Franks

*Attorneys for Defendant Intel Corporation*

---

[1] In that event, Intel remains entitled and preserves its rights to contend that Sandia Corporation and Sandia National Laboratories are different entities and that the '998 patent continued to be unenforceable after December 1, 2011.

## Certificate of Service

The undersigned hereby certifies that on July 10, 2012, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all counsel who have entered an appearance in this action.

ATKINSON, THAL & BAKER, P.C.

/s/ *Clifford K. Atkinson*
Clifford K. Atkinson

20336-1313/LEGAL24064617.1