UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

STC.UNM,

        Plaintiff,

vs.                                                                                                  No. 10-CV-01077-RB-WDS

INTEL CORPORATION,

        Defendant.

**SANDIA CORPORATION'S SURREPLY TO STC.UNM'S REPLY IN SUPPORT OF RULE 19 MOTION TO CORRECT STANDING AND REQUEST FOR RECONSIDERATION**

COMES NOW Sandia Corporation (Sandia) by and through its attorneys, Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A., and for its Surreply to STC.UNM (STC)'s Reply in Support of Rule 19 Motion to Correct Standing and Request for Reconsideration states:

## I.  INTRODUCTION

STC asserts in this action that Intel Corporation (Intel) has infringed patent rights it holds under U. S. Patent No. 6,042,998 ("the '998 patent").  STC encountered a standing problem when the Court held that Sandia acquired joint ownership of the '998 patent through a December 1, 2011 assignment from STC—a co-owner generally lacks standing in the absence of all co-owners.  STC then moved to join Sandia under Federal Rule of Civil Procedure 19(a), and in the alternative, asked the Court to proceed without Sandia under Rule 19(b).

Sandia responded to STC's Rule 19 Motion, expressing its interest in not being joined in this matter.  Sandia submits this surreply for the limited purpose of correcting two misstatements made in STC's Reply.

1

II.  **THE DEPARTMENT OF ENERGY HAS NOT INSTRUCTED SANDIA TO TAKE NO ACTION IN THIS MATTER.**

STC asserts on page 7 of its Reply that "Sandia has even informed STC that the DOE has instructed it to take no action and to remain neutral." Reply, Doc. No. 235, at 7.  In support of this statement, STC cites a declaration of Dr. Julia E. Fulghum.  *See id.*  In her declaration, Dr. Fulghum states that Dr. J. Stephen Rottler, Vice President Science and Technology, and Chief Technical Officer for Sandia, informed her "that the DOE preferred outcome was for Sandia to take no further action with respect to license agreements or assignments." Exhibit A to Doc. No. 235, ¶ 3.

The DOE has not instructed Sandia to take no action. More importantly, however, Dr. Fulghum's declaration, even if assumed to be accurate, does not support the statement made in STC's Reply.  In particular, Dr. Fulghum's statement that the DOE preferred Sandia to take no further action concerning license agreements or assignments is far different than STC's assertion that "the DOE has instructed it to take no action and to remain neutral."  *See* Reply, Doc. No. 235 at 7.  This is especially true since the implication of STC's statement is that the DOE has instructed Sandia not to join this action or to pursue a subsequent action.  Dr. Fulghum's declaration does not address joinder in this proceeding or a possible separate proceeding at all.

Accordingly, while Sandia continues to take no position on the Rule 19(b) argument to which STC's statement relates, Sandia asks the Court to disregard the inaccurate and unsupported statement regarding the DOE's supposed instruction.  No authoritative information has been provided to the Court concerning the DOE's position, and that position should have no bearing on STC's Rule 19 Motion.

### III.     SANDIA HAS NOT FRUSTRATED A BARGAIN IT MADE WITH STC.

STC also makes incorrect statements on page 6 of its Reply.  In particular, STC asserts:

> This is the inequality that has arisen here. STC provided consideration to Sandia in exchange for STC receiving the exclusive right to license the INTELLECTUAL PROPERTY, at its own expense and effort – a point Sandia does not dispute. The consideration was that Sandia received a portion of any LICENSING INCOME (Doc 281-6 at 2).
>
> This includes the right to bring enforcement actions and to grant non-exclusive licenses; again a right that Sandia concedes STC possesses as the LICENSING PARTY. Yet, Sandia now seeks to frustrate the bargain it made even though STC has done exactly what the parties contemplated when the Commercialization Agreement was executed.

Reply, Doc. No. 235, at 6.

This argument is not supported by the language of the Commercialization Agreement. As discussed in more detail in Sandia's Response to STC's Rule 19 Motion, the Commercialization Agreement merely states that Sandia will refrain from exercising its right as a joint owner to license U.S. Patent No. 5,705,321 ("the '321 patent").  *See* Commercialization Agreement, <u>Responsible Party,</u> ¶ 3.  It does not cover the '998 patent.  Further, it does not say anything about enforcement actions, does not permit STC alone to bring enforcement actions, and certainly does not obligate Sandia to join an enforcement action.  Furthermore, contrary to STC's unsupported representation, Sandia has not conceded that STC possesses a right to bring enforcement actions.

In arguing that the consideration Sandia received was a portion of the licensing income, STC fails to mention that the amount of consideration received by Sandia is in no way consistent with STC's argument that the '998 patent is covered by the Commercialization Agreement.  The section of the Commercialization Agreement entitled "Division of Commercialization Proceeds" states:

3

> STC shall distribute to SANDIA the proceeds of LICENSING INCOME derived from licenses issued and administered by STC after patent cost reimbursement as follows:
>
> STC: 77.5%
> SANDIA: 22.5%.

Commercialization Agreement, ¶ 3; *see also id.* ¶ 1. But interestingly, Sandia has received only about 0.4% of licensing income received by STC from the settlements with Toshiba and others for licensing of the '321 patent in those settlements pursuant to the Commercialization Agreement. Sandia clearly has not received any consideration for licensing of the '998 patent in those settlements and, therefore, STC does not consider the '998 patent to be covered by the Commercialization Agreement.

Sandia has done nothing to "frustrate the bargain it made" when the Commercialization Agreement was executed.

## IV.     CONCLUSION

For the foregoing reasons, Sandia respectfully asks the Court to disregard STC's statement concerning the alleged instruction by the DOE, and STC's arguments regarding Sandia's alleged frustration of the bargain it made through the Commercialization Agreement.

Dated:  January 16, 2013               Respectfully submitted,

                                       STELZNER, WINTER, WARBURTON,
                                       FLORES, SANCHEZ & DAWES, P.A.


                                       */s/ Jaime L. Dawes*_____
                                       Luis G. Stelzner
                                       Jaime L. Dawes
                                       P.O. Box 528
                                       Albuquerque, NM 87103
                                       (505) 938-7770

*Attorneys for Sandia Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 16, 2013, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel who have entered an appearance in this action.

*/s/ Jaime L. Dawes*____
Luis G. Stelzner
Jaime L. Dawes